Brooks v. NH Supreme Court          CV-95-166-M     04/29/96

UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEW HAMPSHIRE


Troy Brooks,
     Plaintiff

     v.                                        Civil No. 95-166-M

New Hampshire Supreme Court, et al.,
     Defendants


O R D E R


On September 7, 1995, the court denied plaintiff's motions for temporary restraining order and his motion for preliminary injunction.  Relying upon Younger v. Harris, 401 US. 37 (1971), the court held that principles of federalism and comity counselled against granting the requested relief and in favor of federal abstention.  That order was recently affirmed by the Court of Appeals for the First Circuit.  Brooks v. New Hampshire Supreme Court, No. 95-2129, 1996 WL 148576 (1st Cir. April 8, 1996).


Having ruled that abstention under Younger v. Harris is appropriate, the court must now dismiss plaintiff's petition. See, e.g., Gibson v. Berryhill, 411 U.S. 564, 577 (1973) ("Younger v. Harris contemplates the outright dismissal of the

federal suit, and the presentation of all claims, both state and federal, to the state courts.").  The court notes that plaintiff does not seek an award of damages in this forum and, therefore, he may fully and adequately pursue all of his pending claims in the state proceedings.  Cf. Deakins v. Monaghan, 484 U.S. 193, 202 (1988) (a district court cannot dismiss a pending action under Younger if the plaintiff's claims for monetary relief cannot be redressed in the state proceeding.  Under those circumstances, the court should simply stay the case, pending the outcome of the state action.).

Accordingly, plaintiff's petition is dismissed and the Clerk of the Court is instructed to close the case.

SO ORDERED.

_____
Steven J. McAuliffe
United States District Judge

April 29, 1996

cc:  Philip T. Cobbin, Esq.
     Stephen J. Judge, Esq.

2